IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES E. BOWELL,

      Plaintiff,                    No. CIV S-10-0397 JAM DAD P

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

      Defendants.             ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

**PLAINTIFF'S IN FORMA PAUPERIS APPLICATION**

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is

1

currently without funds. Accordingly, the court will not assess an initial partial filing fee. See 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

**SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

1 factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,
2 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
3 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
4 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
5 doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
6         The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

10 42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
11 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
12 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
13 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
14 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
15 omits to perform an act which he is legally required to do that causes the deprivation of which
16 complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

17         Moreover, supervisory personnel are generally not liable under § 1983 for the
18 actions of their employees under a theory of respondeat superior and, therefore, when a named
19 defendant holds a supervisorial position, the causal link between him and the claimed
20 constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
21 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory
22 allegations concerning the involvement of official personnel in civil rights violations are not
23 sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S COMPLAINT**

25         In his complaint, plaintiff has identified close to sixty defendants.  He appears to
26 attempt to allege the following four violations of his constitutional rights: (1) the use of excessive

force in violation of the Eighth Amendment; (2) the deprivation of mail and personal property; (3) retaliation for litigating his claims in court in violation of his First Amendment rights; and (4) inadequate medical care in violation of the Eighth Amendment. After careful review of the complaint, the court has construed plaintiff's allegations regarding each claim as follows.

### I. Excessive Use of Force

Plaintiff claims that prison officials used excessive force against him on two occasions. First, he alleges that on September 15, 2009, defendant Fackrell pushed plaintiff, whose hands were handcuffed, in the back. Plaintiff alleges that he fell "face first" onto the ground and that the impact caused a 1.5 cm long laceration below his right eyebrow. Second, plaintiff alleges that on September 18, 2009, defendant Smith grabbed the back of plaintiff's head and pushed his face against a steel mesh wall. According to plaintiff, the steel mesh gashed the right side of his face. Plaintiff also alleges that his hands were handcuffed at the time of this second alleged incident.

### II. Deprivation of Mail and Personal Property

Plaintiff claims that prison officials have improperly confiscated his mail and personal property. He alleges that on September 15, 2009, defendant Gamberg confiscated from him a brown envelope, which contained legal documents addressed to plaintiff. He also alleges that defendants Morris, Davey, Gamberg, Gutierrez, Goldy, Light, and McGuire arranged to have plaintiff's legal materials, typewriter, television, cosmetics, and other personal property removed from his cell. Plaintiff claims that his belongings have not been returned to him and, as a result, he was unable to timely respond to various court orders.

### III. Retaliation

Plaintiff suggests that prison officials confiscated his mail and personal property in retaliation for his litigating efforts. Specifically, plaintiff alleges that defendants took his legal materials and property because he had informed them of his plan to file criminal charges against defendant Fackrell.

####    IV.   Inadequate Medical Care

Plaintiff claims that he has been receiving inadequate dental care since 1991. He complains of being denied necessary dental procedures such as cavity repairs, bonding, and white molar capping. He also alleges that on May 25, 2008, defendants Ancheta, Metzler, Hubbard, Fanous, Kifer, and Sagoo wrongfully extracted one of his molars. Plaintiff argues that such mistreatment amounts to medical malpractice.

In terms of relief, plaintiff seeks monetary damages for all the constitutional violations alleged above.

### DISCUSSION

Some of the allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff files an amended complaint, he is advised that he should allege in specific terms how each named defendant was involved in the deprivation of his rights. In his complaint, plaintiff merely provides a list of defendants without specifying how the actions of each defendant contributed to the violation of plaintiff's constitutional rights. Unless plaintiff provides some affirmative link or connection between a defendant's actions and the claimed deprivation, there can be no liability under 42 U.S.C. § 1983. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

/////

Plaintiff is also advised of the following legal standards governing the claims he apparently seeks to present.[1] First, with regard to his mail and property claims, plaintiff is advised that any unauthorized and intentional deprivation of property by defendants does not constitute a violation of the Due Process Clause because the California Legislature has provided a separate remedy in the form of a tort claim against public officials in California Government Code, §§ 900, et seq. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527, 543 (1981) (a prisoner alleging the deprivation of property as a result of an agents' failure to follow established state procedures failed to state a cognizable due process claim). However, plaintiff may be able to allege a cognizable First Amendment claim if he believes that defendants' actions in this regard interfered with his ability to proceed with any claims that he had pending in court. See Lewis v. Casey, 518 U.S. 343, 351-52 (1996). If that is the case, plaintiff should clearly explain in any amended complaint he elects to file what pending actions he had before the court at the time of the defendants alleged actions and how the deprivation of his mail and property caused him to default in those pending actions.

Second, plaintiff's complaint suggests that the defendants confiscated his belongings because he revealed his intent to bring suit against defendant Fackrell. In the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005). If plaintiff elects to pursue such a claim in an amended complaint, he must allege specific facts demonstrating how he satisfies each of the five elements listed above.

---

[1] The court has determined that, for screening purposes, plaintiff has sufficiently alleged a claim that he was subjected to the use of excessive force in violation of his Eighth Amendment rights. Thus, if plaintiff elects to file an amended complaint he should simply restate the factual allegations included in his original complaint with respect to this claim.

6

Third, to the extent that plaintiff is alleging that he received inadequate dental care, plaintiff is advised that the United States Supreme Court has held that inadequate medical care does not constitute cruel and unusual punishment unless the alleged mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Thus, if plaintiff elects to pursue an inadequate dental care claim in his amended complaint, he is cautioned that he must allege specific facts demonstrating that defendants were deliberately indifferent to his substantial dental needs. See id. Allegations of mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

Finally, plaintiff is informed that the court cannot refer to prior pleadings in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the prior complaint no longer serves any function in the case. Therefore, in an amended complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**OTHER MATTERS**

Plaintiff has two other motions pending before the court. On February 16, 2010, plaintiff filed an in forma pauperis application. That application was incomplete in that it lacked a certified copy of plaintiff's trust account statement. See 28 U.S.C. § 1915(a)(2). However, plaintiff subsequently filed a complete in forma pauperis application on February 22, 2010, which, as noted above, the court has determined meets the requirements of 28 U.S.C. § 1915(a). Accordingly, the court will deny plaintiff's February 16, 2010 in forma pauperis application as having been rendered moot.

Also before the court is plaintiff's April 7, 2010 "motion for order directing parties to process CDC-602s." As explained above, plaintiff's complaint is being dismissed with

leave to amend. At this time, the court may not issue any orders against any of the named defendants. See Zepeda v. United States Immigration Services, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; [however] it may not attempt to determine the rights of persons not before the court."). Accordingly, the court will deny plaintiff's April 7, 2010 "motion for order directing parties to process CDC-602s."

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's February 22, 2010 application to proceed in forma pauperis (Doc. No. 4) is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's complaint is dismissed;

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice;

5. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action;

6. Plaintiff's February 16, 2010 application to proceed in forma pauperis (Doc. No. 2) is denied as moot; and

/////

/////

7. Plaintiff's April 7, 2010 motion for order directing parties to process CDC 602s (Doc. No. 9) is denied.

DATED: April 21, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
bowe0397.14a