IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES E. BOWELL,

    Plaintiff,               No. CIV S-10-0397 JAM DAD P

    vs.

CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.         ORDER

        Plaintiff, a state prisoner proceeding pro se and in forma pauperis, is seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff has two motions pending before the court. First, on July 1, 2010, plaintiff filed a motion explaining that prison officials have failed to timely process his inmate appeals. As relief, plaintiff requests an injunction ordering prison officials to process his administrative appeals. In the alternative, plaintiff requests that the court allow him to proceed with his claims in this action despite not having exhausted his administrative remedies. Second, on August 4, 2010, plaintiff filed a similar motion, wherein he largely reiterates the arguments he makes in his motion filed on July 1, 2010.

        As an initial matter, plaintiff is advised that it is well-established that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir.

1    1988)).  Thus, when a prison official fails to timely respond to an inmate's grievance or appeal,
2    the prison official does not deprive the inmate of any constitutional right.  See, e.g., Walker v.
3    Vazquez, No. CIV F-09-0931 YNP PC, 2009 WL 5088788, at *6-7 (E.D. Cal. Dec. 17, 2009)
4    (plaintiff's allegations that prison officials failed to timely process his inmate appeal failed to
5    state a cognizable claim).
6            In terms of affording plaintiff relief, the court does not have jurisdiction to issue
7    an injunction at this time. "A federal court may issue an injunction if it has personal jurisdiction
8    over the parties and subject matter jurisdiction over the claim; it may not attempt to determine
9    the rights of persons not before the court." Zepeda v. United States Immigration Service, 753
10   F.2d 719, 727 (9th Cir. 1985).  Here, plaintiff's amended complaint has not yet been served on
11   defendants, and defendants have not made an appearance in this case.  Accordingly, plaintiff's
12   request for injunctive relief is premature.
13           Moreover, plaintiff's request that in the alternative, he be allowed to proceed with
14   his claims without exhausting his administrative remedies is unnecessary at this time. Plaintiff is
15   advised that "inmates are not required to specially plead or demonstrate exhaustion in their
16   complaints." See Jones v. Bock, 549 U.S. 199, 216 (2007).  The exhaustion requirement is not
17   jurisdictional, but rather creates an affirmative defense that any defendant may raise in a non-
18   enumerated Rule 12(b) motion.  See id.  Because as noted above, plaintiff's amended complaint
19   has not yet been served on defendants, and defendants have not made an appearance in this case,
20   plaintiff's request that he be allowed to proceed with his claims is unnecessary.
21   /////
22   /////
23   /////
24   /////
25   /////
26   /////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's July 1, 2010 motion for an injunction requiring prison officials to process his inmate appeals (Doc. No. 17) is denied; and

2. Plaintiff's August 4, 2010 motion to "advance" his July 1, 2010 motion (Doc. No. 18) is denied.

DATED: September 20, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
bowe0397.mots