1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JAMES E. BOWELL,

11          Plaintiff,                    No. CIV S-10-0397 JAM DAD P

12       vs.

13   CALIFORNIA DEPARTMENT
     OF CORRECTIONS, et al.,

14
            Defendants.             ORDER
15   _____/

16          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil

17   rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has filed two discovery motions.  The first is

18   a motion to compel responses to discovery requests that plaintiff apparently served on February

19   1, 2011 and April 19, 2011.[1]  See Motion to Compel, filed May 27, 2011 (Doc. No. 42), at 1.

20   Defendants oppose the motion on the ground that it is untimely.  Plaintiff's motion was delivered

21   to prison officials for mailing to the court on May 17, 2011[2], four days after expiration of the

22   /////

23

24       [1]  Although plaintiff has set forth the requests at issue in the body of the motion, his
     motion is not accompanied by copies of the requests served on defendants.

25       [2]  The motion was filed in this court on May 27, 2011.  Under the mailbox rule, the date
     on which it was delivered to prison officials for mailing is deemed the filing date for purposes of
26   determining its timeliness.  See Houston v. Lack, 487 U.S. 266 (1988).

1

1   deadline for filing discovery motions in this action.  See Discovery and Scheduling order, filed

2   January 20, 2011 (Doc. No. 30), at 6.[3]  Plaintiff's motion to compel is untimely and will therefore

3   be denied.

4           In the same motion, plaintiff seeks appointment of counsel.  The United States

5   Supreme Court has ruled that district courts lack authority to require counsel to represent

6   indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298

7   (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of

8   counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.

9   1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the

10  court does not find the required exceptional circumstances.  Plaintiff's motion for the

11  appointment of counsel will therefore be denied.

12          On August 4, 2011, plaintiff filed a motion for leave to take depositions of

13  inmates at Kern Valley State Prison.  (Doc. No. 51.)  By this motion, plaintiff seeks

14  reconsideration of this court's May 26, 2011 order denying without prejudice an earlier motion

15  he had filed seeking court-ordered access to other buildings at Kern Valley State Prison to

16  interview or depose inmate witnesses.  As noted above, under the court's scheduling order

17  discovery closed in this action on May 13, 2011.  Plaintiff's August 4, 2011 motion for leave to

18  take depositions is also untimely and will therefore be denied.

19          In accordance with the above, IT IS HEREBY ORDERED that:

20          1.  Plaintiff's May 27, 2011 motion to compel (Doc. No. 42) is denied;

21          2.  Plaintiff's May 27, 2011 motion for appointment of counsel (Doc. No. 42) is

22  denied; and

23  /////

24  /////

25  _____

26  [3]  With their opposition, defendants request judicial notice of this order.  Defendants'
    request is unnecessary.

2

1            3.  Plaintiff's August 4, 2011 motion for leave to depose inmate witnesses (Doc.

2    No. 51) is denied.

3    DATED: October 5, 2011.

4

5    _____

6    DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE

7    DAD:12
     bowe0397.disc

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26