IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES E. BOWELL,

    Plaintiff,                              No. 2:10-cv-0397 JAM DAD (PC)

   vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.                         FINDINGS AND RECOMMENDATIONS
_____/

       Plaintiff is a state prisoner proceeding pro se in this civil rights action for relief pursuant to 42 U.S.C. § 1983. This action is proceeding on claims raised in plaintiff's amended complaint, filed June 14, 2010, including a claim that on December 3, 2009, defendant T. Smith subjected plaintiff to the excessive use of force and threatened to have him murdered. See Amended Complaint, filed June 14, 2010 (Doc. No. 16), at 9. This matter is before the court on the motion of defendant Smith for dismissal pursuant to Fed. R. Civ. P. 12(b) due to plaintiff's failure to exhaust his administrative remedies prior to filing suit.[1] On November 3, 2010, the

/////

---

[1] All ten defendants served in this action, including defendant Smith, have also filed a motion for summary judgment. The court will issue separate findings and recommendations addressing that motion.

1

court advised plaintiff of the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies.  See Wyatt v. Terhune, 305 F.3d 1033 (9th Cir. 2002).

## ANALYSIS

The exhaustion of administrative remedies prior to bringing a prisoner civil rights action is required by 42 U.S.C. § 1997e(a).  The statute provides:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  The exhaustion requirement that the statute imposes is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001).  Claims raised in a complaint must be exhausted before the complaint is filed.  See Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010).  Compliance with the statute is not achieved by exhausting existing claims during the course of an action.  See Rhodes at 1004 (citing McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002)).  Claims dismissed for failure to exhaust administrative remedies should be dismissed without prejudice.  McKinney, 311 F.3d at 1200.

> California's Department of Corrections provides a four-step grievance process for prisoners who seek review of an administrative decision or perceived mistreatment.  Within fifteen working days of "the event or decision being appealed," the inmate must ordinarily file an "informal" appeal, through which "the appellant and staff involved in the action or decision attempt to resolve the grievance informally."  Cal.Code Regs., tit. 15, §§ 3084.5(a), 3084.6(c).  [Footnote omitted.]  If the issue is not resolved during the informal appeal, the grievant next proceeds to the first formal appeal level, usually conducted by the prison's Appeals Coordinator.  Id. §§ 3084.5(b), 3084.6(c).  Next are the second level, providing review by the institution's head or a regional parole administrator, and the third level, in which review is conducted by a designee of the Director of the Department of Corrections.  [Footnote omitted.]  Id. § 3084.5(e)(1)-(2).

Brown v. Valoff, 422 F.3d 926, 929-30 (9th Cir. 2005).

The record in this case contains the following evidence relevant to the motion at bar.  On January 8, 2010, plaintiff filed an inmate grievance relating to the alleged events of

1  December 3, 2009 that form the basis of his claim against defendant Smith.  See Ex. to
2  Opposition to Smith's Motion to Dismiss, filed August 4, 2011(Doc. No. 49), at 17; see also Ex.
3  B to Declaration of P. Statti in Support of Defendant Smith's Motion to Dismiss (hereinafter
4  "Statti Declaration"), filed June 22, 2011 (Doc. No. 46-3).  Plaintiff's inmate grievance was
5  bypassed at the informal and the first formal levels of review by prison officials.  See Ex. B to
6  Statti Declaration.  On January 29, plaintiff was notified that his inmate appeal would be
7  handled as a staff complaint.  Id.  On March 8, 2010, plaintiff received a response to the staff
8  complaint at the first level of administrative review.  Id.  In that response, plaintiff was informed
9  as follows:

> [a]llegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process.  If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review.  Once a decision has been rendered at the Director's Level of Review your administrative remedies will be considered exhausted.

14 Id.

15        On March 19, 2010, plaintiff submitted his inmate appeal to the second formal
16 level of review.  Statti Declaration at ¶ 6.  That inmate appeal was ultimately cancelled at the
17 second level of review on April 14, 2010, id.; see also Ex. C to Statti Declaration, and rejected at
18 the Director's Level of Review based on the cancellation at the second level of administrative
19 review.  See Letter dated May 25, 2010, attached to Amended Complaint (Doc. No. 16), at 63.
20        This action was opened on February 16, 2010 with plaintiff's filing of a complaint
21 signed and dated on February 10, 2010.  That complaint included the allegations against
22 defendant Smith that are also included in the amended complaint upon which this action is
23 proceeding.  See Complaint, filed February 16, 2010 (Doc. No. 1), at 8.  Plaintiff's amended
24 complaint is dated June 8, 2010 and was entered on the docket in this action on June 14, 2010.
25        Plaintiff's claim against defendant Smith was included in his original complaint,
26 which was filed with the court in February 2010.  Although plaintiff had filed an inmate

grievance raising his claim against defendant Smith prior to filing this action, he had not yet received a response to that grievance at the first administrative level of review when he filed this civil action. In fact, plaintiff did not receive a response from prison officials at the first level of administrative review until March 8, 2010, several weeks after he had filed this civil action. For that reason, plaintiff failed to exhaust administrative remedies with respect to his claim against defendant Smith prior to bringing this action. As noted above, "a prisoner must exhaust his administrative remedies for the claims contained within his complaint before that complaint is tendered to the district court." Rhodes, 621 F.3d at 1005 (citing McKinney, supra, and Vaden v. Summerhill, 449 F.3d 1047, 1050-51 (9th Cir. 2006).[2] Plaintiff's claim against defendant Smith must therefore be dismissed without prejudice. See McKinney, 311 F.3d at 1200.[3]

CONCLUSION

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendant Smith's June 22, 2011 motion to dismiss (Doc. No. 46) be granted; and

/////

/////

---

[2] In Rhodes, the United States Court of Appeals for the Ninth Circuit held that an action could proceed on claims included in an amended complaint which arose after a prior complaint and were exhausted prior to the filing of the amended complaint. 621 F.3d 1005-06. That holding is inapplicable to plaintiff's claim against defendant Smith which, as noted above, was included in both plaintiff's original civil complaint and the amended complaint on which this action is now proceeding. See Crayton v. Hedgpeth, No. C 08-0621 WHA (PR), 2011 WL 1988450, at *8 (E.D. Cal. May 20, 2011) ("Thus, this case presents a different scenario from that presented in Rhodes, where the claims not exhausted as the time of the first complaint were premised entirely on conduct occurring after that complaint's filing.") ; Jones v. Felker, No. CIV S-08-0096 KJM EFB P,, 2011 WL 533755, at *5 (E.D. Cal. Feb. 11, 2011) (rejecting application of Rhodes to an amended complaint under similar circumstances because, in part, such an application would "Create an end-run around the rule of McKinney and Vaden," a rule the court in Rhodes repeated and did not disapprove).

[3] Because plaintiff filed this action before his grievance was resolved at the first formal level of review, the court need not decide whether the cancellation of plaintiff's administrative appeal at the second level of review and the rejection of that appeal at the Director's Level was proper. Cf. Sapp v. Kimbrell, 623 F.3d 813, 822-826 (9th Cir. 2010).

2. Plaintiff's claim against defendant Smith be dismissed without prejudice due to plaintiff's failure to exhaust administrative remedies with respect to that claim prior to bringing suit.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 12, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
bowe0397.mtd

5