```
                    IN THE UNITED STATES DISTRICT COURT

                   FOR THE EASTERN DISTRICT OF CALIFORNIA
```

JAMES E. BOWELL,

        Plaintiff,                             No. CIV S-10-0397 JAM DAD P

    vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants.               <u>ORDER</u>

        /

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On February 13, 2012, plaintiff's claim against defendant T. Smith was dismissed without prejudice due to his failure to exhaust administrative remedies prior to filing suit. On February 27, 2012, plaintiff filed a document with the court styled "Motion Inquiry and Request for an Order 90 Days to Reflect Claim Against Defendant T. Smith Without New In Forma Pauperis Application." By this motion, plaintiff is apparently seeking information concerning whether he may file a new action against defendant Smith without filing an in forma pauperis application, and whether the time to file such an action can be extended by ninety days due to his current placement in administrative segregation and pending transfer to another prison.

        Plaintiff is informed that he must file a new action to pursue the claim against defendant Smith that has been dismissed from this action and may not . (<u>See</u> Doc. No. 63 at 4,

1

n.2) (citing Jones v. Felker, No. CIV S-08-0096 KJM EFB P, 2011 WL 533755, at *5 (E.D. Cal. Feb. 11, 2011) ("[A]llowing a prisoner to file unexhausted claims, then exhaust, then file an amended complaint regarding the same, old claims contained in the original complaint would create an end-run around the rule . . . 'that a prisoner must exhaust his administrative remedies for the claims contained within his complaint before the complaint is tendered to the district court.'")). Plaintiff is also advised that this court is without authority to waive the filing fee requirements for any such new action. Finally, plaintiff is further informed that the question of whether such action, if filed, would be timely cannot be determined by the court in this action.

IT IS SO ORDERED.

DATED: March 12, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12:mp
bowe0397.36amc

2