IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES E. BOWELL,

    Plaintiff,                        No. 2:10-cv-0397 JAM DAD (PC)

    vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.                  <u>ORDER</u>

         Plaintiff is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. On April 4, 2012, this court granted defendants' motion for summary judgment. Judgment was entered the same day. On October 26, 2012 and December 21, 2102, plaintiff filed motions for relief from judgment (ECF Nos. 73 and 77). For the reasons set forth below plaintiff's motions will be denied.

         At the time defendants' motion for summary judgment was decided, this action was proceeding on plaintiff's claims, raised in his June 14, 2010 amended complaint (ECF No.16) that on September 15, 2009, defendants Fackrell, Goldy, Morris, Leone, and Head violated plaintiff's Eighth Amendment rights by use of excessive force; defendants Gutierrez, Light, Morris and Goldy violated plaintiff's rights under the Eighth Amendment by failing to protect him from harm threatened by defendant Fackrell; and defendants Gamberg, Gutierrez,

1

and McGuire violated plaintiff's First Amendment right to access the courts.  (See ECF No. 16 at 6-8, 10-11.)[1]  On February 22, 2012, the assigned magistrate judge issued findings and recommendation recommending that defendants be granted summary judgment on the grounds of qualified immunity with respect to plaintiff's Eighth Amendment excessive force claim and on the merits of plaintiff's other two claims.  (See ECF No. 66.)  Plaintiff filed objections to those findings and recommendations.  (See ECF No. 68).  By order filed April 4, 2012, after de novo review this court adopted the findings and recommendations in full and granted defendants' motion for summary judgment (ECF No. 70).  Judgment was entered the same day (ECF No. 71).

> Rule 60(b) of the Federal Rules of Civil Procedure provides in relevant part that
>
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> . . . .
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  A motion predicated on Rule 60(b)(1), (2), or (3) must be filed within one year of the entry of judgment; motions made on other grounds "must be made within a reasonable time."  Fed. R. Civ. P. 60(c)(1).

/////

---

[1] Plaintiff's claim that on December 3, 2009, defendant T. Smith subjected plaintiff to the excessive use of force and threatened to have him murdered was dismissed in a separate order due to plaintiff's failure to exhaust administrative remedies prior to filing suit with respect to that claim.  (See Findings and Recommendations filed December 13, 2011 (ECF No. 63) and Order filed February 13, 2012 (ECF No. 65).)

1    Plaintiff's first motion for relief from judgment was filed over six months after
2 entry of judgment in this case, and his second was filed two months later.[2]  With his first motion,
3 plaintiff presents new declarations prepared in June of 2012 from alleged eye or ear witnesses to
4 the events complained of, which took place in September 2009.  (See ECF No. 73 at 2-3.)
5 Plaintiff avers under penalty of perjury that he was unable to obtain these declarations prior to
6 that time because he was transferred from High Desert State Prison (High Desert), where the
7 events occurred, and was unable to find the witnesses until he was transferred to Pleasant Valley
8 State Prison (Pleasant Valley).  (See ECF No. 77 at 1, 4.)  It is not clear from the record when
9 plaintiff was transferred to Pleasant Valley.  In any event, plaintiff has not shown that he
10 exercised reasonable diligence during the two years this action was pending before the court to
11 obtain the declarations he has now filed, nor did he exercise reasonable diligence by waiting
12 almost four months after the declarations were apparently signed to file them with the court.  See
13 Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., 833 F.2d 208, 211-12 (9th Cir. 1987) (relief
14 properly denied under Rule 60(b)(2) where, among other deficiencies, the plaintiff failed to show
15 the exercise of due diligence in discovering the new evidence he relied upon); Daghlian v. DeVry
16 University, Inc., 582 F. Supp.2d 1231, 1253 (C.D. Cal. 2007) (Denying relief under Rule
17 60(b)(2)  and noting that "plaintiff's failure to explain why he was unable to identify and locate
18 [the new evidence now relied upon] prior to the hearing on the motion for summary judgment
19 indicates a lack of due diligence.")
20    With his second motion for relief from judgment, plaintiff presents three
21 additional declarations, none of which address matters relevant to his claims.  (See ECF No. 77
22 and exhibits thereto.)
23 /////

---

[2] Arguably plaintiff's second motion for relief from judgment might be properly construed as a reply brief in support of his first motion.  However, plaintiff attaches additional evidence to the filing and defendants have filed an opposition thereto, to which plaintiff has replied.  The court has therefore considered the document as a second motion for relief from judgment.

Plaintiff also suggests that the court "needs to subpoena the 9-15-09 use of force video" to demonstrate the extent of plaintiff's injuries.  (See ECF No. 73 at 4.)  It is not the court's role to subpoena evidence, and plaintiff has made no showing why he did not seek production of the videotape he now refers to during discovery or in connection with proceedings on defendants' motion for summary judgment.  Plaintiff's contention is therefore without merit.

For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's October 26, 2012 and December 21, 2012 motions for relief from judgment (ECF Nos. 73 and 77) are denied.

DATED:   August 29, 2013

/s/ John A. Mendez
UNITED STATES DISTRICT COURT JUDGE